UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MUKESH K. PAREKH,

                      Plaintiff,           **REPORT AND**
                                                  **RECOMMENDATION**
   -against-                        **CV 10-5599 (SJF)(ARL)**

ECONOMY PREMIER ASSURANCE COMPANY,
METLIFE AUTO & HOME INSURANCE
COMPANY, INC. a/k/a METLIFE AUTO & HOME
INSURANCE AGENCY, INC., METROPOLITAN
PROPERTY AND CASUALTY INSURANCE
COMPANY, and THE T0WN AGENCY, INC.,

                      Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court, on referral from District Judge Sandra J. Feuerstein, is the defendant the Town Agency Inc.'s (the "Town Agency" or "moving defendant") motion to dismiss the verified complaint (the "complaint") in this removal action pursuant to Federal Rule of Civil Procedure 12(b)(6), and/or Federal Rule of Civil Procedure 56. For the reasons that follow, the undersigned concludes that the court lacks subject matter jurisdiction over this case. Accordingly, the court recommends that the action be remanded to the Supreme Court of the State of New York, Nassau County pursuant to 28 U.S.C. § 1447(c) and that the Town Agency's motion to dismiss be denied as moot.

## BACKGROUND

Plaintiff Mukesh K. Parekh ("plaintiff" or "Parekh") commenced this action in Supreme Court of the State of New York, Nassau County on October 29, 2010, against defendants Economy Premier Assurance Company ("Economy Premier"), Metlife Auto & Home Insurance Company, Inc., a/k/a Metlife Auto & Home Insurance Agency, Inc., Metropolitan Property and

Casualty Insurance Company ("Metlife")[1], and the Town Agency seeking declaratory relief against Economy Premier, and alleging (i) a breach of contract claim against Economy Premier; (ii) an alternative breach of contract claim against the Town Agency; and (iii) a negligence claim against the Town Agency. Specifically, plaintiff alleges that in 1997, the Town procured an insurance policy (the "Policy") for Parekh for certain property in Southampton, New York (the "Property") from Economy Premier. (Compl. ¶¶ 13, 19, 21.) Prior to procuring the insurance policy in 1997, Parekh repeatedly advised the Town Agency that his primary residence was Manhattan, that he traveled extensively for work, and that the Property would be used for vacation purposes. (*Id*. at ¶¶ 10-20.) The Policy was continuously renewed every year, including during the relevant period from April 18, 2009 to April 18, 2010. (*Id*. at ¶¶ 22-24.) Plaintiff purchased another house in Newport Beach, California in 2004. (*Id.* at ¶ 88.) Plaintiff further alleges that on or about August 8, 2009, he learned that the Property was damaged as a result of vandalism and exposure to the elements (the "loss") and submitted a claim to Economy Premier in connection with the claimed damages. (*Id*. at ¶¶ 27-34, 35.) By letter dated July 24, 2010, Economy Premier disclaimed coverage and denied Parekh's claim for the loss. (*Id*. at ¶¶ 39-40.) Finally, plaintiff alleges that Economy Premier wrongfully denied Parekh's claim, and that each of the defendants is liable to plaintiff. (*Id*. at ¶¶ 39-117.)

On December 3, 2010, defendants Economy Premier and Metlife (collectively the "removing defendants") timely filed a notice of removal pursuant to 28 U.S.C. § 1441(b) based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff did not seek remand or otherwise

---

[1]In the complaint, plaintiff refers to defendants Economy Premier and Metlife collectively as "Economy [Premier]." (Compl. ¶ 10.)

challenge the removal, and the thirty days in which to do so has now expired except for remand based on lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). As a threshold matter, "[i]t is the duty of the Court to raise the issue of removal jurisdiction pursuant to subject matter jurisdiction *sua sponte*." *In re Appointment of Smith*, No. 11-CV-2405 (RRM), 2011 WL 2008512, at *2 (E.D.N.Y. May 20, 2011); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000) (same).

## DISCUSSION

### A.   Removal Jurisdiction and Remand

Because federal courts are courts of limited jurisdiction, "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." *Stop & Shop Supermarket Co., LLC v. Goldsmith*, No. 10-CV-3052 (KMK), 2011 WL 1236121, at *1 (S.D.N.Y. Mar. 31, 2011) (internal quotation marks and citations omitted). "Judicial scrutiny is especially important in the context of removal, where considerations of comity play an important role." *Id.* (internal quotation marks and citation omitted). Hence, "[o]ut of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Id.* (internal quotation marks and citation omitted); *see In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,* 488 F.3d 112, 124 (2d Cir. 2007) (same). "Where, as here, jurisdiction is asserted by [defendants] in a removal petition, it follows that the [removing defendants] ha[ve] the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

3

*CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see Al Solutions, Inc. v. Jamegy, Inc.* 576 F. Supp. 2d 620, 624 (S.D.N.Y. Sept. 15, 2008) (same).

Under the federal removal statute, defendants may remove an action to federal court in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see Park v. McGowan*, No. 11-CV-3454 (JG)(CLP), 2011 WL 4963759, at *1 (E.D.N.Y. Oct. 19, 2011). The district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly and Co.,* 654 F.3d 347, 356 (2d Cir. 2011) (citing 28 U.S.C. § 1446(a)). "Complete diversity of citizenship of the parties is required, since an 'action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought'." *Bounds v. Pine Belt Mental Health Care Resources*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1441(b)). Two caveats are implicated in the instant action to the removability of diversity cases: first, "the statute does not allow removal, if any of the parties 'properly joined and served' as defendants are citizens of the forum state," *In re Fosamax Prods. Liability Litig.,* MDL No. 1789 (JFK), 2008 WL 2940560, at *2 (S.D.N.Y. July 29, 2008) (quoting 28 U.S.C. § 1441(b)), and second, "even if complete diversity is destroyed by the presence of a non-diverse party, removal is nonetheless proper if that party was fraudulently joined in the action," *id.*

**(1)    Forum Defendant Rule**

In the present case, the removal petition alleges Economy Premier to be a citizen of

Illinois, defendant Metlife to be a citizen of Rhode Island, and defendant the Town Agency to be a citizen of New York. Although the removing defendants acknowledge that 28 U.S.C.§ 1441(b) would, on its face, appear to preclude removal because the Town Agency is a New York corporation, the removing defendants aver that such is not the case because the Town Agency has been fraudulently joined in this action.

Under the forum defendant rule, a civil action may be removed to the district court on diversity grounds "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "[D]iversity jurisdiction's basic rationale" is the "opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1188 (2010). "Since a defendant has no risk of suffering even presumptive local prejudice in a state court located in his or her home state, there is no reason to provide that defendant the option of a federal forum." *Value Health Care Servs., LLC v. PARCC Health Care, Inc.*, No. 3:11-CV-523 (JBH), 2011 WL 2417106, at *2 (D. Conn. June 13, 2011) (internal quotation marks and citation omitted). That being said, however, "section 1441(b) is a rule of procedure and does not state a jurisdictional requirement." *Shapiro v. Logistic USA Inc.*, 412 F.3d 307, 313 (2d Cir. 2005).

Here the Town Agency is a citizen of the state in which the action was brought, viz. New York, and as such would not risk local prejudice in that forum. The removing defendants assert that section 1441(b) nevertheless permits removal because the Town Agency was fraudulently joined as a defendant because there is no basis for liability against it in this action. As discussed *infra*, the removing defendants' reliance on the fraudulent joinder doctrine lacks merit. Thus, as

a procedural matter, the removing defendants lack a reasonable basis for removal based on the forum defendant rule articulated in section 1441(b).

### (2) Diversity of Citizenship

Unlike the forum defendant rule, complete diversity is a jurisdictional requirement. " In other words, if complete diversity is lacking the federal district court does not have subject matter jurisdiction over the action, and must dismiss it, or, if it was a removed action, remand it back to state court." *Deeper*, 2008 WL 4443260, at *5 (citations omitted). "The citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *see* 28 U.S.C. § 1332; *see also Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 120 (E.D.N.Y. 2010). This is determined "by examining the citizenship of the parties at the time the action is commenced." *Gleizer v. Diaz, Reus & Targ, LLP*, No. 10 Civ. 7516 (RAB), 2011 WL 651395, at *1 (S.D.N.Y. Feb. 16, 2011). "[A] party's citizenship depends on his domicile," that is to say, "the place where a person has his true and fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). Domicile is "presumed to continue in the same place absent sufficient evidence of a change,' and "[t]o effect a change of domicile, two things are indispensable: First, residence in a new domicile; and second, the intention to remain there." *Id.* (internal quotation marks omitted). A party attempting to prove a change in domicile so that a federal court has diversity jurisdiction bears the burden of proof by clear and convincing evidence. *Id.*

Because plaintiff's complaint seeks damages in an amount no less than $2,691,269 plus

fees, costs and expenses, and punitive damages, the amount in controversy requirement is met. However, the complaint does not allege complete diversity among the parties. Plaintiff declared in the complaint that Manhattan, New York is his primary residence. (Compl., ¶¶ 19, 86.) Indeed, Parekh states in the complaint that he repeatedly advised defendants that although he traveled extensively and had a vacation property in Southampton, his primary residence remained in Manhattan. Given plaintiff has stated that his primary residence and principal establishment was in Manhattan, New York and it was there he intended to return when he was absent, the undersigned concludes that Parekh is a New York domiciliary. *Cf. Dill v. Lake Pleasant Central School Dist.*, 205 F. Supp. 2d 24, 35 (N.D.N.Y. 2002) ("According to the New York State Board of Real Property Services, School Tax Relief [STAR] Exemption Assessor's Guide, 7 (2001), the term 'primary residence' equates with 'domicile' or 'legal residence.' A person may have one or more residences, but can have only one 'primary residence'").

Although the citizenship of the removing defendants are diverse from the citizenship of plaintiff, the defendant Town Agency is a citizen of New York and as such complete diversity does not exist. The removing defendants assert in their removal petition "upon information and belief" that plaintiff is a California citizen. They rely solely on the endorsement page of the 2009 Policy which lists Parekh's California address. (Notice of Removal, dated December 2, 2010, ¶ 8.) This fact is simply insufficient to support their contention that plaintiff changed his primary residence to California. Citizenship, not residency, is determinative for establishing whether the court has subject matter jurisdiction based on diversity. *Deveer v. Government Employees, Ins. Co.*, No. 07-CV-4437 (JS) (AKT), 2008 WL 4443260, at *4 n.3 (E.D.N.Y. Sept. 26, 2008). The removing defendants have failed to establish by clear and convincing evidence that plaintiff changed his domicile. *See Palazzo*, 232 F.3d at 42. Finally, to the extent the removing

defendants argue as a fallback position that the complaint vaguely alleges multiple residences, such ambiguity would in and of itself be sufficient to defeat this court's subject matter jurisdiction. *See, e.g., Pope v. Brecher*, No. 10 Civ. 5076, 2010 WL 3958768, at * 1 (S.D.N.Y. Sept. 30, 2010) (remanding case to the state court because the complaint set forth allegations of multiple residences and thus failed to allege complete diversity of citizenship). Accordingly, because the burden of establishing diversity remains with the removing defendants, this failure is fatal unless defendants can show that the non-diverse defendant, the Town Agency, was fraudulently joined.

### (3) Fraudulent Joinder

Under the doctrine of fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Brown,* 654 F.3d at 356 (internal quotation marks and citations omitted). The defendants bear "a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of plaintiff." *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir. 1998); *see Brown,* 654 F.3d at 356 (same); *see also DNJ Logistic Group, Inc. v. DHL Express (USA), Inc.,* 727 F. Supp. 2d 160, 164-65 (E.D.N.Y. 2010) (in determining whether fraudulent joinder exists, "[a]ll uncertainties in applicable state law are resolved in favor of the plaintiff, and the complaint is subjected to less searching scrutiny than on a motion to dismiss for failure to state a claim") (internal quotation marks and citations omitted). "While the plaintiff['s] pleadings must contain sufficient factual foundations to support any allegations against [the forum defendant], there is no requirement that plaintiff['s] recovery in state court be reasonably likely." *Sleight v. Ford Motor Co.*, No. 10 Civ. 3629 (BMC), 2010 WL 3528533, at *2 (E.D.N.Y. Sept. 3, 2010) (internal quotation marks and citations omitted). "Any possibility of recovery, even if slim,

militates against a finding of fraudulent joinder; only where there is no possibility of recovery is such a finding warranted." *Id.*; *see DNJ Logistics Group, Inc.*, 727 F. Supp. 2d at 165 ("even if there is a doubt as to whether a complaint would survive a motion to dismiss in state court, this doubt does not preclude remand. To the contrary, given the heavy burden on a party advocating removal on the ground of fraudulent joinder, it is only in the situation where state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim that remand should be denied") (internal quotation marks and citation omitted).

The removing defendants argue that the Town Agency was fraudulently joined because plaintiff's claims against the Town Agency are barred by the statute of limitations. Plaintiff has brought two separate claims against the non-diverse defendant, Town Agency, to wit, (1) negligence and (2) breach of contract.

Parekh's negligence cause of action alleges principally that the Town Agency breached its duty to procure adequate insurance for the Property. (Compl. ¶¶ 97-117.) The applicable statute of limitations for the Parekh's negligence claim is three years. N.Y.C.P.L.R. § 314(4). "[A]s a general proposition, a tort cause of action cannot accrue until an injury is sustained. That, rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual." *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993) (citations omitted); *see Bonded Waterproofing Servs., Inc. v. Anderson-Bernard Agency, Inc.*, 927 N.Y.S.2d 133, 136-37 (2d Dep't 2011) (same); *Lewiarz v. Travco Ins. Co.*, 919 N.Y.S.2d 227, 229 (3d Dep't 2011); *see also Cunningham v. Insurance Co.*, 521 F. Supp. 2d 166, 171-72 (E.D.N.Y. 2006) (holding that under New York law a negligence cause of action accrues when all elements of a prima facie negligence cause of action can be alleged, including damages and therefore the limitations period for negligence claim accrues either when plaintiff sustains a loss or when the insurance company

disclaims coverage). Where as in the instant matter, "a claim against an insurance agent or broker relating to the failure of insurance coverage sounds in tort, the injury occurred and plaintiffs were damaged when coverage was denied" not when the policy issued. *Bonded Waterproofing Servs., Inc.*, 927 N.Y.S2d at 136 (internal quotation marks and citations omitted); *see Lewiarz*, 919 N.Y.S.2d at 229 (holding that because "damages are a necessary element of a negligence claim which must be pleaded and proven, plaintiffs could not have established any harm until their claim was denied") (internal quotation marks and citations omitted); *see also Berkshire Life Ins. Co. of America v. Ochs,* No. 06-CV-0657 (DRH) (WDW), 2009 WL 799956, at *4 (E.D.N.Y. Mar. 24, 2009) (same). Here, Parekh's negligence claim against the Town Agency did not accrue until July 24, 2010, when Economy Premier disclaimed coverage. Inasmuch as plaintiff commenced this action on October 29, 2010, Parekh's negligence claim against the Town Agency on its face is timely. For this reason, an examination of the complaint does not permit the conclusion that the Town Agency has been fraudulently joined.[2]

In sum, because the court cannot find fraudulent joinder of the Town Agency to this lawsuit, there is no complete diversity of the parties and the court lacks subject matter jurisdiction. Accordingly, the undersigned reports and recommends that the case be remanded to the Supreme Court of the State of New York, Nassau County. *See In re Smith*, 2011 WL 2008512, at *2 ("Where a case has been improperly removed and the [c]ourt has no subject matter jurisdiction, the [c]ourt must remand the case *sua sponte* to the state court where it originated") (internal quotation marks and citation omitted).

**B.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 56**

---

[2]Having found a viable negligence cause of action against the forum defendant, the court does not reach plaintiff's breach of contract claim.

Having concluded that the court lacks subject matter jurisdiction, the undersigned will not address the Town Agency's motion to dismiss pursuant to Rule 12(b)(6) and/or Rule 56. *Cf. Gross v. Home Depot U.S.A., Inc.,* 386 F. Supp. 2d 296, 299 (S.D.N.Y 2005) ("Since [defendant's] citizenship in New York destroys the complete diversity necessary for diversity jurisdiction, plaintiff's motion to remand must be granted and this court need not, and must not, decide [d]efendants' motion to dismiss"); *see also Smith v. Delta International Machinery Corp.,* No. 05-CV-5462 (JFB) (AKT), 2007 WL 1540958, at *7 (E.D.N.Y. May 24, 2007) (same). Accordingly, the undersigned reports and recommends that the Town Agency's motion to dismiss be denied as moot.

## OBJECTIONS

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Ferrer v. Woliver,* 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
January 17, 2012

_____/s/_____
Arlene R. Lindsay
United States Magistrate Judge

11